UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-04183-SLD ) |
| 2019 JAGUAR XE PROJECT 8, VIN: SAJAP4FE6KS487658, | ) ) ) ) |
| Defendant. | ) |

ORDER

Plaintiff United States of America ("the Government") brings this civil forfeiture action *in rem* against Defendant 2019 Jaguar XE Project 8, VIN: SAJAP4FE6KS487658 ("2019 Jaguar"), alleging that the 2019 Jaguar is subject to forfeiture because it was used for the transportation of illegal drugs. Before the Court is the Government's Motion for Default Judgment Against Defendant, Isabel Garcia, and Potential Claimants, ECF No. 19 at 1–3. For the following reasons, the motion is GRANTED.

BACKGROUND[1]

On July 5, 2022, law enforcement officers were dispatched to a gas station in Atkinson, Illinois, in response to an altercation between two women in the 2019 Jaguar. The driver and owner of the car was Isabel Garcia. The passenger, Bertha Elaine Herrera, had called law enforcement for assistance. The officers smelled cannabis in the vehicle and noticed that Garcia appeared to be impaired, and that Herrera smelled of alcohol and appeared to be heavily intoxicated. Based on these observations, the officers had probable to search the 2019 Jaguar in

---

[1] Unless otherwise noted, the background facts related herein are taken from the Verified Complaint for Forfeiture, ECF No. 1, and the Court accepts the allegations relating to liability as true by virtue of Defendant's default, *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

1

which they found a gas station cup filled with Sprite with a vodka odor, an open bottle of vodka on the passenger floorboard, and two fentanyl pills labeled M30 in the center console. They also found an Advil bottle containing approximately 145 fentanyl pills labeled M30, a metal pipe with burn marks, several pieces of tin foil with burn marks, and a bill of sale for the 2019 Jaguar in Garcia's bag. Garcia was *Mirandized* and admitted that all of the fentanyl belonged to her and that she had taken two fentanyl pills about two hours earlier. She was arrested and charged with manufacturing/delivery of a controlled substance (fentanyl), controlled substance trafficking, and possession of a controlled substance.

The next day, Garcia admitted to law enforcement that she was addicted to fentanyl and typically smoked approximately 50 to 100 pills a day, and that she sold any pills she did not personally use. She stated that "she had been buying 'a boat' of fentanyl pills (meaning 1,000 pills) from 'her plug' (meaning dealer) for 6 to 12 months." Verified Compl. ¶ 20, ECF No. 1. Garcia had purchased 1,000 fentanyl pills each week for about $3,000, but in the preceding weeks, she had been purchasing 1,000 fentanyl pills every other day. She also told law enforcement information about the many other suppliers and dealers she was involved with.

On December 14, 2022, the Government filed a Verified Complaint for Forfeiture against the 2019 Jaguar alleging that the vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it "constitutes a conveyance used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance which has been manufactured, distributed, dispensed or acquired in violation of" the Controlled Substances Act, 21 U.S.C. §§ 801–904. *Id.* ¶ 1. This forfeiture action was stayed while Garcia's related state criminal case was ongoing. *See, e.g.*, Mot. Stay ¶ 2, ECF No. 2 ("As there is a related criminal prosecution involving Isabel Garcia in Henry County, Illinois (criminal number

2022-CF-212), which led to this forfeiture action, the United States moves this Court for entry of an order staying this civil forfeiture proceeding until the criminal case has been concluded."); Dec. 15, 2022 Text Order (Hawley, M.J.) (granting the motion for stay).

On July 12, 2024, the Government asked the Court to lift the stay and advised that an arrest warrant for Garcia had been issued in her Illinois state criminal case for her failure to appear. Mot. Lift Stay ¶ 2, ECF No. 10. The Government also informed the Court that Garcia had been arrested several times since 2022, and that there was an outstanding arrest warrant for her in Colorado. *Id.*[2] On July 15, 2024, the Court lifted the stay. July 15, 2024 Text Order (Hawley, M.J.).

A warrant of arrest *in rem* was issued and served on the 2019 Jaguar on July 16, 2024. *See* Warrant Arrest *In Rem*, ECF No. 11; Process Receipt & Return, ECF No. 12. The Government then served notice of this civil forfeiture action as required by Federal Rules of Civil Procedure Supplemental Admiralty and Maritime Claims Rule G(4). *See* Am. Not. Civil Forfeiture Action, ECF No. 14; Second Am. Not. Civil Forfeiture Action, ECF No. 15; Decl. Publ'n, ECF No. 16. Upon the Government's Application for Entry of Default, ECF No. 17, the Court ordered that default be entered against the 2019 Jaguar, Isabel Garcia, and other potential claimants, Nov. 5, 2024 Order (Hawley, M.J.), ECF No. 18; Nov. 5, 2024 Entry Default. The Government now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

---

[2] The Government also noted that because Garcia failed to appear in her criminal case and was a fugitive, she may be barred under 28 U.S.C. § 2466 from asserting a claim in this civil forfeiture action. Mot. Lift Stay ¶ 3.

3

## DISCUSSION

**I.  Legal Standards**

Federal Rule of Civil Procedure 55 outlines the two-step process of entry of default and default judgment.  First, the plaintiff must file a motion for entry of default based on the defendant's failure to plead.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  And second, after default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b).  "A default judgment establishes, as a matter of law, that [the] defendants are liable to [the] plaintiff on each cause of action alleged in the complaint."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

In a civil forfeiture action, the Government bears the burden of proving by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  As relevant here, this means that the Government must prove that the 2019 Jaguar is a conveyance that was used, or intended for use, "to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal drugs.[3]  21 U.S.C. § 881(a)(4).  In determining whether the preponderance-of-the-evidence standard has been met, courts consider the totality of the circumstances.  *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 469 (7th Cir. 2005).

---

[3] As used here, "illegal drugs" includes: "[a]ll controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of [the Controlled Substances Act]." 21 U.S.C. § 881(a)(1).

II.    Analysis

The Government asserts that it is entitled to default judgment because it has satisfied the procedural and substantive requirements for civil forfeiture *in rem* proceedings. *See generally* Mot. Default J.  The Court addresses these requirements in turn.

As for the procedural requirements, Supplemental Rule G(4) requires the Government to provide direct notice to potential claimants and notice by publication to the public. Fed. R. Civ. P. Supp. R. G(4)(a)–(b); *see also United States v. $1,071,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd.*, No. 17-cv-01166 (KBJ/GMH), 2018 WL 3949962, at *5 (D.D.C. June 29, 2018), *report and recommendation adopted*, 324 F. Supp. 3d 38 (D.D.C. 2018). The Government sent direct notice of this forfeiture proceeding to Garcia, as the owner of the 2019 Jaguar, as follows: (1) to Steven Hanna, the attorney who represented Garcia in her state criminal case, *see* Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(B); and (2) to 6027 Yarrow Street, Apt. 7, Arvada, Colorado, which was the address that Garcia provided to law enforcement at the time of her arrest and the seizure of the 2019 Jaguar on July 6, 2022, *see id.* G(4)(b)(iii)(D)–(E). Second Am. Notice Civil Forfeiture Action 1. [4]  These means of providing notice were "reasonably calculated to reach" Garcia. Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(A).

Additionally, the Government notified the public by publishing a notice regarding this proceeding on www.forfeiture.gov, an official government website maintained by the United States Department of Justice. The notice was posted for at least thirty consecutive days, beginning on July 16, 2024, in accordance with Supplemental Rule G(4)(a)(iv)(C). *See generally* Decl. Publ'n; *see also* Not. Forfeiture Action & Advertisement Certification Report,

---

[4] The Government asserts that it also sent direct notice via e-mail to jokerniz13@gmail.com but that email address is not listed on the Notices of Civil Forfeiture Action. *See* Mot. Default J. ¶ 6; Hoelzer Aff. ¶ 6, ECF No. 19 at 4–5.

Decl. Publ'n Attach. 1, ECF No. 16 at 2–3.  No person filed a claim asserting an interest in the 2019 Jaguar as required by 18 U.S.C. § 983(a)(4)(A) and Supplemental Rule G(5)(a).  *See* Nov. 5, 2024 Order (Hawley, M.J.).  Based on the evidence presented, the Court concludes that the Clerk properly entered default.

Turning to the substantive requirements, Supplemental Rule G(2) provides that a complaint for civil forfeiture must:

(a) be verified;
(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
(c) describe the property with reasonable particularity;
(d) if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed;
(e) identify the statute under which the forfeiture action is brought; and
(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. R. G(2).  The Court finds that all of the foregoing requirements have been met, and that the well-pleaded allegations of the Verified Complaint demonstrate that the 2019 Jaguar is subject to forfeiture under 21 U.S.C. § 881(a)(4).

The Verified Complaint is signed under penalty of perjury by a Special Agent of the Drug Enforcement Administration.  *See* Verification, Verified Compl., ECF No. 1 at 10.  It identifies that this Court has subject-matter jurisdiction over an action commenced by the Government under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).  Verified Compl. ¶ 4.  It describes Defendant with reasonable particularity, including its color, year, make, model, and VIN. *Id.* ¶¶ 2, 7.  The Verified Complaint alleges that the 2019 Jaguar was seized at a gas station in Atkinson, Illinois and is currently in the custody of the Government. *Id.* ¶¶ 3, 7.  Atkinson is in Henry County and therefore, venue is proper in the Rock Island Division of the Central District of Illinois.  *See* 28 U.S.C. § 93(b); Civil LR 40.1(C).  This forfeiture proceeding is brought under 21 U.S.C. § 881(a)(4).  Verified Compl. ¶ 6.  And

finally, the facts alleged in the Verified Complaint and recounted in the Background section of this Order support a reasonable belief that the Government would be able to meet its burden of proof at trial.

In sum, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that the 2019 Jaguar is subject to forfeiture pursuant 21 U.S.C. § 881(a)(4) because it constitutes a conveyance used to transport a controlled substance manufactured, distributed, dispensed, or acquired in violation of the Controlled Substances Act. Because the Verified Complaint states a claim for forfeiture *in rem* pursuant to Supplemental Rule G(2), the Government has complied with the notice requirements of Supplemental Rule G(4), and no claimant has appeared in this action, the Government's motion for default judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff United States of America's Motion for Default Judgment Against Defendant, Isabel Garcia, and Potential Claimants, ECF No. 19, is GRANTED. Defendant 2019 Jaguar XE Project 8, VIN: SAJAP4FE6KS487658 is FORFEITED to the United States of America. The Clerk is directed to enter judgment and close the case.

Entered this 5th day of May, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE